IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMAR DAVIS LARSEN,<br><br>    Plaintiff,<br><br>v.<br><br>KING ARTHUR FLOUR COMPANY,<br><br>    Defendant.<br>_____/ | No. C 11-05495 CRB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

    Now before the Court are Plaintiff Tamar Davis Larsen's Motion to Dismiss, dkt. 31, and her Motion for Attorneys' Fees and Costs, dkt. 34, in this putative class action. The Court finds these matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and VACATES the hearing currently set for Friday, June 29, 2012. Having carefully reviewed the parties' filings, the Court rules as follows.

    Plaintiff moves to voluntarily dismiss the case with prejudice and with each party bearing its own attorneys' fees, costs and expenses pursuant to Federal Rule of Civil Procedure 41(a). Both Plaintiff and Defendant agree that the instant case should be dismissed with prejudice, and neither Defendant nor putative class members will suffer "plain legal prejudice as a result" of the voluntary dismissal. See Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001). Attorneys' fees and costs will not be imposed as a condition for voluntary dismissal with prejudice because there is no risk of future litigation. See Burnette

v. Godshall, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993); see also Rodriguez v. Serv. Emp. Int'l, No. 10-1377, 2011 WL 4831201, at *3 (N.D. Cal. Oct. 12, 2011) (denying defendants' request for costs as a condition of dismissal pursuant to Rule 41(a)(2) because plaintiffs stipulated to dismissal with prejudice and the case was "not exceptional"). Thus, the Court GRANTS Plaintiff's Motion to Dismiss with prejudice, and each party is to bear its own attorneys' fees and costs.[1]

Plaintiff also moves for attorneys' fees and costs pursuant to California Code of Civil Procedure section 1021.5. Defendant adequately documents that Plaintiff's action did not motivate the Defendant to provide the primary relief sought. See Graham v. DaimlerChrysler Corp., 34 Cal. 4th 553, 567 (2004). Plaintiff cannot be considered a "successful party" because she did not catalyze Defendant to modify its behavior. See id. Accordingly, the Court DENIES Plaintiff's Motion for Attorneys' Fees and Costs.

**IT IS SO ORDERED.**

Dated: June 29, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[1] The Court declines Defendant's invitation to impose sanctions under Rule 41 or Rule 11.

G:\CRBALL\2011\5495\order re fees.wpd          2